**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**SCHEDULING ORDER**

This Document Relates to:

15-cv-04490, Cagle
16-cv-00801, Singleton
16-cv-03199, Richardson
17-cv-00054, Poteet
17-cv-00751, Muschitz
17-cv-00903, Collins
17-cv-00999, Lindsey
17-cv-01808, Weiss
17-cv-02160, Hooper
17-cv-02571, McCaskill
17-cv-03443, Hrinda
17-cv-03511, Conner
17-cv-03941, Martinez
17-cv-05419, Weinmann Jr.
18-cv-00671, McAvoy
18-cv-00885, Bishop
18-cv-01114, Smith
18-cv-01832, McCray
18-cv-02777, Chastain
18-cv-02783, Walsh
23-cv-03741, Evancho

---

Pursuant to the Court's Order identifying 150 MDL cases for trial work-up and establishing a procedure for doing so, Dkt. No. 2799, the Court now issues the following Order implementing that procedure for the above-captioned cases. The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

## INITIAL DISCLOSURES

The parties shall serve initial disclosures by **September 12, 2025**. These disclosures shall include information each party possesses regarding product identification/product use.

**FACT DISCOVERY:** Fact discovery shall commence **August 29, 2025.** All fact discovery shall be completed no later than **January 28, 2026.**

1. Written Discovery

   A. No more than **25** interrogatories counted in accordance with Rule 33(a), shall be served by either side.

   B. No more than **15** document requests shall be served by each party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

   C. No more than **25** requests for admissions shall be served by each side.

2. No more than **20 hours** of fact deposition testimony, excluding expert witness depositions, shall be taken by each side.

3. No more than **1** Rule 35 medical examination shall be conducted during the fact discovery period.

**EXPERT DISCOVERY**

1. Disclosure of the identities of case specific expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26 (a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **March 27, 2026**

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **April 29, 2026**

2. All expert discovery, including expert depositions, must be completed by **July 28, 2026.**

3. No depositions of general causation experts shall be taken unless (1) the expert has not been previously disclosed in this MDL, or (2) the expert, though previously identified, is offering an opinion not previously disclosed.

**NON-DISPOSITIVE MOTIONS**

1. Amendments to the Operative Complaint
   Pursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file the amended complaint by **September 29, 2025**. The amended complaint shall **NOT** include a claim for punitive damages. Motions to add a claim for punitive damages may be brought at the close of discovery as a part of dispositive motion practice.

2. Fact Discovery Motion Practice
   All motions relating to fact discovery shall be filed by **February 27, 2026**. Such motion practice shall proceed by letter briefs only. The responding party must serve and file their responsive letter within two business days of the filing by the moving party. No Notices of Motion or Memorandum of Law shall be filed. The letter briefs shall be no longer than 5 pages and may not attach exhibits. The court will schedule a telephonic hearing on the motion, at which hearing the court will announce its ruling on the motion.

3. Expert Discovery Motion Practice
   All motions relating to expert discovery must be served and filed by **August 28, 2026.**

**PRIVILEGE/PROTECTION**

The parties will follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**MEDICAL AUTHORIZATIONS**

Pretrial Order No. 14 requires Plaintiffs to serve Plaintiff Fact Sheets, including a completed and signed medical authorization, “no later than 90 days after the filing of their complaint or short-form complaint, or completed transfer of their case to this MDL proceeding, whichever is later.” MDL Dkt. No. 117 at 1–2. Because in many of the above-captioned cases years have passed since Plaintiffs served a Plaintiff Fact Sheet and signed medical authorization, updated medical authorizations are needed. Plaintiffs are required to serve Defendants an updated medical authorization by **September 5, 2025**.

Dated: August 13, 2025

s/ David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge